UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10978-RWZ

SHERRY MOTTRAM

v.

SHAW'S SUPERMARKET, INC.

MEMORANDUM OF DECISION

September 18, 2012

ZOBEL, D.J.

Plaintiff, Sherry Mottram, a full-time warehouse worker at defendant's Methuen Distribution Center, claims in two counts that defendant violated her rights under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (Count I), and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (Count II) by arbitrarily and capriciously denying her short-term disability benefits.

**I. Background**[1]

Pursuant to a collective bargaining agreement with Local 791, United Food and Commercial Workers Union, defendant maintains a short-term disability plan (the "Plan") which is sponsored by Supervalue, Inc., defendant's parent company. Supervalue is the Plan administrator, and CIGNA Group Insurance ("CIGNA"), the claims administrator. The Plan allows Supervalue to delegate its decision making

---

[1] The facts recited are derived from defendant's unopposed statement of undisputed facts and plaintiff's statement of undisputed facts contained in her motion for summary judgment which defendant has accepted as true for present purposes.

authority and discretion to CIGNA, which Supervalue did. The Plan provides "The Claims Administrator shall have the authority, in its discretion, to interpret the terms of the Program, to decide questions of eligibility for coverage or benefits under the Program, and to make any related findings of fact. All decisions made by the Claims Administrator shall be final and binding on the Participants and Beneficiaries to the full extent permitted by law."

As part of her employment with defendant, plaintiff was covered under the Plan which states that a participant "[ ] will be deemed to be disabled if [he or she is] not able, solely because of disease or injury, to perform the material duties of [his or her] own occupation."

Plaintiff was diagnosed with degenerative joint disease and cervical and lumbar strains on October 18, 2010, by her primary care physician, Dr. Grace Kim, and was prescribed ibuprofen for pain and inflammation.  She stopped working on October 19, 2010, and shortly thereafter applied for short-term disability benefits.

On October 25, 2010, plaintiff again visited Dr. Kim who reaffirmed her prior diagnosis and prescribed Celebrex for inflamation and recommended that plaintiff take glucosamine chondrointin for any joint pain. On October 27, 2010, CIGNA, as claims administrator, indicated to plaintiff that it needed medical information regarding her "diagnosis and functional abilities in order to determine whether [she] satisf[ied] the definition of disability under [the] plan," and that it was in the process of contacting Dr. Kim.

On November 4, 2010, Dr. Kim referred plaintiff for X-rays and advised her to continue taking Motrin (ibuprofen). On November 6, 2010, Dr. Kim completed a Medical Request Form provided by CIGNA on which she reported lifting restrictions, diagnoses of neck pain, low back pain, muscle spasms, and anxiety. She did not include a projected return to work date. On November 9, 2010, CIGNA requested measurable objective findings regarding Dr. Kim's recommendation of "no lifting" and requested the results of any "recent diagnostic tests." Dr. Kim responded that her lifting restriction was based on "pain in neck low back limited ROM [range of motion]," and that an X-ray of plaintiff's cervical and lumbar spine showed mild degenerative joint disease.

On November 16, 2010, CIGNA denied plaintiff's claim explaining that a claim manager, nurse case manager, and a team leader had reviewed Dr. Kim's notes and Medical Request Form and determined that the medical documentation did not provide evidence rendering plaintiff disabled under the Plan. CIGNA noted that the medical file did not "provide any abnormal findings, such as strength deficits, [and/or] degrees of range of motion," and plaintiff had not been referred to any specialists or physical therapy.

On November 18, 2010, plaintiff submitted a request for appeal. On December 6, 2010, CIGNA's medical consultant spoke with Dr. Kim by telephone. Dr. Kim noted that plaintiff's X-ray contained no acute injuries although it showed degenerative arthritis. She was not recommending any further imaging and would not be referring plaintiff to a specialist. She said that the lifting restrictions she previously indicated were based on

plaintiff's own reports of an inability to lift a laundry basket.  Dr. Kim did diagnose plaintiff with a lower back strain and scheduled plaintiff to start physical therapy.

On December 16, 2010, CIGNA reaffirmed its denial of benefits.  CIGNA noted that "the clinical information provided and the treatment plan are inconsistent with a severe functional impairment that would preclude [plaintiff] from performing the material duties of [her] occupation...."

On December 28, 2010, plaintiff appealed the decision again and submitted additional material including emergency after-care instructions from the emergency department at St. Joseph's Hospital, a physical therapy evaluation report, and a list of scheduled physical therapy sessions. The after-care instructions directed plaintiff to rest and "ice," and plaintiff was prescribed Vicodin. The physical therapy report did not include an objective assessment of plaintiff's limitations and the physical therapy schedule noted that plaintiff was scheduled for two 30-minute physical therapy sessions each week from December 29, 2010, until February 7, 2011.

On February 23, 2011, CIGNA affirmed the prior denial of plaintiff's request. The file was reviewed by an associate medical director. CIGNA explained that the medical file did not "document any significant, quantified neuromuscular findings or physical impairments," and that plaintiff's treatment was not consistent with the severity of a disabling condition. In short, CIGNA concluded that the medical information provided did not support a loss of function.

On June 2, 2011, plaintiff filed the instant action.  Both parties have moved for summary judgment (Docket ## 19 and 23).

## II. Standard

"In an ERISA benefit denial case ... the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." Leahy v. Raytheon Co., 315 F.3d 11, 17–18 (1st Cir. 2002). Where, as here, an ERISA plan gives an administrator clear discretionary authority to determine eligibility for benefits or construe the plan terms, this court must uphold the administrator's decision unless it is "arbitrary, capricious, or an abuse of discretion." Cusson v. Liberty Life Ass. Co. of Boston, 592 F.3d 215, 224 (1st Cir. 2010) (quoting Gannon v. Metro. Life Ins. Co., 360 F. 3d 211, 213 (1st Cir. 2004)).

## III. Analysis

To prevail on summary judgment, plaintiff has the burden of establishing a violation of ERISA as a matter of law, Terry v. Bayer Corp., 145 F.3d 28, 34 (1st Cir. 1998), namely, that defendant arbitrarily and capriciously denied her short-term disability benefits.  An "arbitrary and capricious standard is highly deferential and requires that the administrator's decision be upheld as long as it is rational in light of the plan's provision, as well as, reasonable with no abuse of discretion." Tavares v. Unum Corp., 17 F. Supp. 2d 69, 75 (D.R.I. 1998). Plaintiff contends that defendant's decision to deny benefits was unreasonable for three primary reasons: (1) the uncontroverted evidence shows plaintiff could not perform the material functions of her occupation; (2) CIGNA arbitrarily refused to credit the informed medical opinion of

plaintiff's treating physician; and (3) CIGNA failed to perform an analysis of plaintiff's capacity to perform the duties of a warehouse worker.

The record reflects that plaintiff (1) was initially prescribed a relatively conservative treatment regimen including Motrin, and similar pain medications, for a lower back strain and later Celebrex for arthritis; (2) was not initially referred to physical therapy or a specialist; and (3) that the diagnostic results of the X-ray did not reveal any acute injuries. Plaintiff also did not begin to attend physical therapy until CIGNA indicated that lack of a physical therapy regimen was one of its reasons for initially denying her claim. Even after physical therapy was scheduled, plaintiff postponed treatment for two weeks and subsequently maintained a schedule of relatively infrequent visits of short duration. Furthermore, Dr. Kim discussed plaintiff's condition with CIGNA and noted that the lifting restrictions she placed on plaintiff were not derived from objective medical tests but rather from self reports by the plaintiff that she had trouble lifting a laundry basket. At defendant's behest, plaintiff's medical record was reviewed by a claim manager, nurse case manager, team leader, medical consultant and a medical director. Defendant also provided plaintiff the opportunity to supplement her file through two appeals and, in fact, consistently requested that plaintiff do so and that she provide objective medical evidence of her condition.

The Plan administrator was not obligated to credit Dr. Kim's assessment without question. Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003) ("courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician"); Cook v. Liberty Life Assur. Co., 320 F.3d 11, 23

(1st Cir. 2003) (acknowledging cases "where the opinion of the claimant's treating physician can be rejected without reliance on any contradictory medical evidence developed by the plan administrator."); Morales-Alejandro v. Med. Card Sys., Inc., 486 F.3d 693, 700 (1st Cir. 2007) ("[A] plan administrator is not obligated to accept or even to give particular weight to the opinion of a claimant's treating physician."); Medina v. Metropolitan Life Ins. Co., 588 F.3d 41, 46 (1st Cir. 2009) (reviewing cases holding same). CIGNA made efforts to determine the basis for Dr. Kim's lifting assessment and ultimately discounted it was based entirely on plaintiff's self-reports and mild treatment regimen.

Plaintiff's last argument – that CIGNA acted unreasonably because it did not perform an analysis of plaintiff's capacity to perform the duties of a warehouse worker – ignores the fact that under the administrator's interpretation of the Plan, it is plaintiff's burden to provide "proof of loss."  Moreover, absent objective evidence of plaintiff's disability, CIGNA was not in a position to perform an assessment of her functional capacity.  It is reasonable for a plan administrator to deny unsupported claims. Cusson, 592 F. 3d at 227 (noting "Because it is permissible to require documented, objective evidence of disability, it was not inappropriate for Liberty's reviewers to rely on the lack of such documented evidence ... in making their recommendations."); Gallagher v. Reliance Std. Life Ins. Co., 305 F.3d 264, 276 (4th Cir. 2002) ("Because we conclude that [plaintiff] failed to submit objectively satisfactory proof that he was totally disabled, we hold that Reliance properly denied [his] claim for disability benefits.").

Even in close cases, the court may not substitute its judgment for that of the plan administrator. Denmark v. Liberty Life Ass. Co., 481 F. 3d 215, 224 (1st Cir. 2010). While plaintiff and defendant disagree over the interpretation of the record medical evidence, the court's role, upon an appeal requiring deferential review, is only to determine whether the plan administrator abused its discretion, not whether plaintiff's view of the evidence is plausible, or even more likely. Plaintiff has not established that CIGNA's denial of her claim amounts to an abuse of discretion.  Thus, plaintiff's ERISA claim fails.  Her claim under the Labor Management Relations Act, 29 U.S.C. § 185, is wholly derivative of the ERISA claim, and since plaintiff failed to argue it, is waived.

## IV. Conclusion

Plaintiff's motion for summary judgment (Docket # 23) is DENIED.  Defendant's motion for summary judgment (Docket # 19) is ALLOWED. Judgment may be entered for defendant.

| | |
|---|---|
| _September 18, 2012_ | _/s/Rya W. Zobel_ |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |